RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

STEPHEN S. HO
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Telephone: 202-616-8994
*Counsel for the United States of America*

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>BERTHA BABEY CAJUSTE also known as<br>BERTHA BENOIT; EMPIRES VIP<br>FINANCIAL, INC. also known as EMPIRES<br>VIP; and EMPIRES VIP FIRM, INC., also<br>known as EMPIRES VIP,<br><br>      Defendants. | Case No. _____ |

**COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF**

Plaintiff, the United States of America, at the request of the Chief Counsel of the Internal

Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney

General of the United States, brings this suit to permanently enjoin Defendants Bertha Babey

Cajuste, also known as Bertha Benoit, both individually and through any corporate form;

Empires VIP Financial, Inc. ("VIP Financial"), also known as Empires VIP; and Empires VIP

Firm, Inc. ("VIP Firm"), also known as Empires VIP; and all persons and entities in active

concert or participation with her, from directly or indirectly:

a.      Preparing or filing, or assisting in the preparation or filing of any federal income tax return for any other person or entity;

b.      Engaging in any conduct or activity subject to penalty under 26 U.S.C. § 6701, i.e., preparing or assisting others in the preparation of any tax form or other document to be used in connection with a material matter arising under the internal revenue laws, and which the defendant knows will (if so used) result in the understatement of liability;

c.      Engaging in any conduct or activity subject to penalty under 26 U.S.C. § 6694 by understating taxpayers' liabilities;

d.      Engaging in any conduct or activity subject to penalty under 26 U.S.C. § 6695, including, but not limited to, (i) failing to furnish a copy of the return to the taxpayer; (ii) failing to sign the return as the preparer; and (iii) failing to exercise diligence in determining eligibility for the earned income credit; and

e.      Engaging in conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

### JURISDICTION AND VENUE

1.      Jurisdiction exists under 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402(a), 7407, and 7408.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) and 26 U.S.C. § 7407(a) because Cajuste, VIP Financial, and VIP Firm have engaged in conduct subject to penalty, Cajuste, VIP Financial, and VIP Firm conducted business, and a substantial part of the events or omissions which give rise to the United States' claims herein occurred within this District.

**THE DEFENDANT**

3.      Defendant Berthy Babey Cajuste, also known as Bertha Benoit, resided at various locations in this District for all or parts of the period from 2011 through 2015.

4.      Defendant Empires VIP Financial, Inc., also known as Empires VIP, operates a tax return preparation business in and around East Orange, New Jersey, which is within the jurisdiction of this Court.

5.      Defendant Empires VIP Firm, Inc., also known as Empires VIP, operates a tax return preparation business in and around East Orange, New Jersey, which is within the jurisdiction of this Court.

6.      Cajuste is a tax return preparer within the meaning of 26 U.S.C. § 7701(a)(36). She prepares, or employs one or more persons to prepare, other people's tax returns for compensation.

7.      Cajuste is not an enrolled agent, certified public accountant, or attorney.

8.      Cajuste owns or operates both VIP Financial and VIP Firm.

**CAJUSTE'S TAX PREPARATION BUSINESSES**

9.      Cajuste has engaged in the tax preparation business in or around East Orange, New Jersey and elsewhere under several different business names since at least 2011.

10.      By changing her business names, Cajuste has made it more difficult for the Internal Revenue Service ("IRS") to track the federal tax returns she filed through the businesses.

11.      Cajuste's businesses have prepared over 4,000 federal tax returns over the past seven years (that is, from 2011 through 2017).

12.      The IRS has received multiple complaints concerning returns that Cajuste and her businesses have prepared.

13.     For the 2011 filing season,[1] Cajuste owned and/or operated a tax preparation business named Seven in One Professional Associates ("Seven in One") located in East Orange, New Jersey.

14.     Cajuste owned and/or operated Seven in One with Jeanine Burgess, and employed approximately 12 tax return preparers.

15.     Jeanine Burgess has already been permanently enjoined by this Court in January 2017 from preparing tax returns.  *United States v. Burgess*, D.N.J. Dkt. No. 2:16-cv-04011 docs. 7–8.

16.     Cajuste prepared 328 federal tax returns listing her as the paid preparer during the 2011 filing season.

17.     Burgess left Seven in One at the end of the 2011 filing season, but Cajuste continued operating the business for the 2012 and 2013 filing seasons, with approximately 39 employees.

18.     Cajuste prepared 661 federal tax returns listing her as the paid preparer during the 2012 filing season, and 12 federal tax returns listing her as the paid preparer during the 2013 filing season.

19.     For the 2014 filing season, Cajuste owned and/or operated two tax preparation businesses, MB Tax Consultants, LLC ("MB Tax Consultants") and We Talk 2 Much, LLC ("We Talk 2 Much"), both located in or around East Orange, New Jersey.

---

[1] The "filing season" refers to the calendar year in which Defendant and her businesses prepared the tax returns.  By contrast, the "tax year" refers to the year associated with the tax information being reported.  Accordingly, the 2011 filing season, for example, generally involves returns for the 2010 tax year.

20.     Cajuste's former business partner, Burgess, prepared over 200 federal tax returns during the 2014 filing season with MB Tax Consultants and We Talk 2 Much.

21.     Cajuste prepared 812 federal tax returns listing her as the paid preparer during the 2014 filing season.

22.     For the 2015 filing season, Cajuste owned and/or operated MB Financial Consulting, a tax preparation business located in East Orange, New Jersey.

23.     Cajuste prepared 884 federal tax returns listing her as the paid preparer during the 2015 filing season.

24.     Cajuste's most recent tax preparation businesses are VIP Financial, and VIP Firm, both also known as Empires VIP, with an office in East Orange, New Jersey.

25.     Cajuste prepared only three federal tax returns listing her as the paid preparer during the 2016 filing season.

26.     The IRS assigns every return preparer a unique identification number, called a Preparer Tax Identification Number ("PTIN"), which must be affixed to every return the preparer files.

27.     The total number of federal tax returns that Cajuste prepared during the 2016 and 2017 filing seasons is not known because she could not properly identify herself as the paid preparer on those returns since her PTIN permanently expired in late 2015.

28.     Cajuste's business, VIP Financial, also known as Empires VIP, prepared 786 federal tax returns during the 2016 filing season, 712 of which are for customers residing in New Jersey.

29.     486 of these returns list a Kathie Brassier as the preparer, but none of the returns use the PTIN assigned to Kathie Brassier—they instead use invalid PTINs or PTINs assigned to other preparers.

30.     Cajuste's business, VIP Firm, also known as Empires VIP, prepared 648 federal tax returns during the 2017 filing season, 565 of which are for customers residing in New Jersey.

### PRIOR PREPARER VIOLATIONS

31.     The IRS has investigated and penalized Cajuste in the past for filing returns that do not comply with the Internal Revenue Code.

32.     The IRS conducted an Earned Income Tax Credit ("EITC") Due Diligence visit with Cajuste at Seven in One in late 2010 with respect to returns for 2009.

33.     The EITC is a refundable tax credit available to certain low-income working people.  The amount of the credit is based on the taxpayer's income, filing status (such as head of household), and claimed number of dependents.  *See* 26 U.S.C. § 32 and the accompanying Treasury Regulations.  Because the EITC is a refundable credit, claiming an EITC can, in certain circumstances, reduce a taxpayer's federal tax liability below zero, entitling the taxpayer to a payment from the United States Treasury.

34.     When a taxpayer has no or very little income, they do not qualify for the EITC. On the other hand, a taxpayer who earns more than a certain income may not claim the credit. The method used to calculate the EITC makes a taxpayer eligible to claim a larger EITC amount

if he/she earns income within designated ranges, which vary according to the number of the taxpayer's dependents.[2]

35.     Thus, reporting more income, up to a certain point, allows customers to receive a larger refundable credit.  Similarly, claiming losses to offset higher income to decrease the total reported income, up to a certain point, allows customers to claim a larger refundable credit.

36.     Because of the potential for abuse in claiming the EITC, Congress has authorized the Secretary of the Treasury to impose "due diligence" requirements on federal tax return preparers claiming the EITC for their customers.  *See* 26 U.S.C. § 6695(g).  These "due diligence" requirements obligate the tax return preparer to make "reasonable inquiries" to ensure the customer is legitimately entitled to the EITC or head of household status.  The tax return preparer may not "ignore the implications of information furnished to, or known by, the tax return preparer, and must make reasonable inquiries if the information furnished to the tax return preparer appears to be incorrect, inconsistent, or incomplete."  *See* 26 C.F.R. § 1.6695-2 (2011).  Tax return preparers must also document their compliance with these requirements and keep that documentation for three years.  *Id.*

37.     As part of the IRS's EITC Due Diligence visit, an IRS examiner reviewed 36 federal income tax returns for 2009 and determined that Cajuste failed to meet the due diligence requirements of 26 C.F.R. § 1.6695-2 with respect to 26 of them.

---

[2] The range of earned incomes that correspond to the maximum EITC for each type of taxpayer is often referred to as the "sweet spot."

38.     The IRS examiner found a pattern among the 26 returns with customers filing as head of household where Cajuste did not document the relevant questions to determine the correct filing status.

39.     The IRS examiner also found a pattern of customers filing a Schedule C where Cajuste did not document the relevant questions to determine the validity of the business's existence and the amounts shown on the Schedule.

40.     As a result, the IRS assessed against Cajuste preparer penalties for 26 returns for 2009 under 26 U.S.C. § 6695(g) in 2011.

**CAJUSTE HAS REPEATEDLY PREPARED FALSE FEDERAL INCOME TAX RETURNS**

41.     Since that time, the IRS estimates that Cajuste personally prepared and filed at least 2,700 federal income tax returns through the 2016 filing season.

42.     Cajuste's businesses, VIP Financial and VIP Firm, both known as Empires VIP, prepared at least 786 federal tax returns for the 2016 filing season and 648 federal tax returns for the 2017 filing season.

43.     Cajuste prepared numerous federal income tax returns which willfully understated her customers' federal income tax liabilities and claimed inflated tax refunds for them through a variety of schemes.

44.     More specifically, Cajuste prepared false federal income tax returns for her customers that:

    a.     Claimed false or overstated Schedule A deductions, including unreimbursed employee business expenses and casualty and theft losses;

    b.     Reported false Schedule C businesses, business income, and business expenses and losses; and

      c.     Claimed false education credits.

**CAJUSTE PREPARED AND FILED RETURNS THAT CLAIMED FALSE OR OVERSTATED SCHEDULE A DEDUCTIONS**

45.     Individual taxpayers may itemize certain deductions such as unreimbursed employee business expenses and casualty and theft losses on Schedule A to their federal income tax return.  These deductions are subtracted from the taxpayer's adjusted gross income to determine the taxable income subject to tax.

46.     Cajuste repeatedly and continually prepared returns for her customers that included false or overstated Schedule A deductions.

47.     These false or overstated Schedule A deductions reduced the customers' taxable income, and resulted in understatements of their tax liabilities and inflated tax refunds.

48.     In one instance, Cajuste prepared and filed tax returns for a customer claiming unreimbursed employee business expenses of over $20,000 each year for two years.  The customer informed the IRS in a complaint that the customer was not aware of the deductions and that Cajuste input them without the customer's knowledge.

49.     In another instance, Cajuste prepared and filed tax returns for a customer claiming unreimbursed employee business expenses of over $15,000 each year for two years.  The customer informed the IRS that the customer had provided no proof of job expenses to Cajuste, that Cajuste did not ask any questions, and that the customer had no idea where Cajuste was getting her numbers from.  The customer did not have any job related expenses because the customer was reimbursed by his/her employer for the expenses he/she incurred.

**CAJUSTE PREPARED AND FILED RETURNS THAT REPORTED FALSE SCHEDULE C BUSINESSES, BUSINESS INCOME, AND BUSINESS EXPENSES AND LOSSES**

50.     Individual taxpayers who operate a business as a sole proprietorship report the profit or loss from that business on a Schedule C (Profit or Loss from Business) included with their federal income tax return.  The profit or loss is a component of a taxpayer's adjusted gross income (along with wage income, interest income, dividends, gains or losses for property sales, etc.).

51.     As explained in paragraphs 33 through 35, above, a fabricated Schedule C business and inflated Schedule C business income could maximize a customer's EITC because reporting more income, up to a certain point, allows a taxpayer to receive a larger refundable credit.

52.     In other instances, however, a fabricated Schedule C business and inflated business expenses and losses could be used to reduce a customer's adjusted gross income and ultimately their taxable income.

53.     Cajuste repeatedly and continually prepared returns for her customers that reported false Schedule C businesses, business income, and business expenses and losses.

54.     These false Schedule C businesses, business income, and business expenses and losses resulted in understatements of her customers' tax liabilities and inflated tax refunds.

55.     For one customer, Cajuste prepared Schedules C for a security business and claimed approximately an average of $10,000 in business losses anually for two years.  The customer informed the IRS that the customer never owned a business, and neither told Cajuste, nor provided documents to Cajuste suggesting otherwise.

56.     For another customer, Cajuste prepared Schedules C for an event planning business and claimed over $25,000 in business losses anually for two years.  The customer

informed the IRS that Cajuste falsely put information on the returns of which the customer was unaware, and that the customer never owned a business for the years in question.

### CAJUSTE PREPARED AND FILED RETURNS THAT CLAIMED FALSE EDUCATION CREDITS

57.     Taxpayers who incur qualified education expenses on behalf of themselves or a qualified dependent may claim education credits, including the American Opportunity Credit, on their income tax returns to help them offset the costs of higher education.  The credit is applied on a dollar-for-dollar basis against the reported tax, and like the EITC, any claimed American Opportunity Credit that exceeds the tax reported, is refundable to the taxpayer.

58.     Cajuste repeatedly and continually prepared returns for her customers that claimed false educations credits or expenses, which resulted in understatements of tax liabilities and inflated tax refunds.

59.     Cajuste prepared and filed a tax return that claimed the American Opportunity Tax Credit for both one customer and the customer's minor child.  The customer informed the IRS that Cajuste never discussed whether the customer attended college, and that the customer did not attend college for the year claimed.

60.     Cajuste also prepared and filed a tax return that claimed the American Opportunity Tax Credit for a customer who was not in college.  The customer informed the IRS that Cajuste had made the claim up and that the customer had no knowledge of Cajuste's scheme.

### HARM TO THE UNITED STATES

61.     Cajuste has caused substantial revenue losses to the United States.

62.     The records maintained by the IRS indicate that Cajuste prepared and filed at least 2,700 federal tax returns during the 2011 through 2016 filing seasons.

63.     The total number of federal tax returns that Cajuste prepared during the 2016 and 2017 filing seasons is not known because she could not properly identify herself as the paid preparer on those returns since her PTIN permanently expired in late 2015.

64.     The IRS examined 353 of the returns prepared by Cajuste from the 2012 through 2015 filing seasons (that is, the 2011 through 2014 tax years).

65.     Of the 353 tax returns prepared by Cajuste and subsequently examined by the IRS, 347 (approximately 98%) were adjusted by the IRS.

66.     Of the 347 tax returns prepared by Cajuste during the 2012 through 2015 filing seasons that were adjusted by the IRS, the average adjustment was $3,725.

67.     The 347 tax returns prepared by Cajuste during the 2012 through 2015 filing seasons that were subsequently adjusted by the IRS, alone, have caused approximately $1,314,862 of tax harm to the United States.

68.     The United States has also been harmed because Cajuste's misconduct has caused the government to expend limited resources to investigate her tax return preparation activities and audit the returns she prepared.

69.     Cajuste continued to prepare false returns even after she was assessed preparer penalties in 2011, and she continues to prepare, facilitate, and/or assist in the preparation of other people's tax returns today.

70.     The IRS has been informed that Empires VIP plans on preparing returns for the 2018 filing season.

### COUNT I: INJUNCTION UNDER 26 U.S.C. § 7407

71.     The United States incorporates by reference the allegations in paragraphs 1 through 70, above.

12

72.     Under 26 U.S.C. § 7407, Congress has authorized the United States to seek an injunction against any tax preparer who, among other things, has engaged in conduct subject to penalty under §§ 6694 or 6695.

73.     If a return preparer's conduct is continual and/or repeated and the court finds that a narrower injunction (i.e., prohibiting specific enumerated conduct) would not be sufficient to prevent the preparer's interference with the proper administration of federal tax laws, the court may enjoin the person from acting as a return preparer altogether.

74.     Section 6694(a) penalizes a tax return preparer who prepares a tax return that understates the taxpayer's liability by taking an unreasonable position (i.e., one for which there is no substantial authority) on the return, and where the preparer knew or should have known that the position was unreasonable.

75.     Section 6694(b) penalizes a tax return preparer who prepares a tax return or claim that constitutes: (1) a willful attempt to understate the liability; or (2) evidences a reckless and intentional disregard of tax rules or regulations.

76.     Section 6695(g) penalizes a tax return preparer that fails to exercise diligence in determining the eligibility of a taxpayer for the Earned Income Tax Credit.

77.     Cajuste, individually and through her businesses, including VIP Financial and VIP Firm, which are also both known as Empires VIP, has continually and repeatedly prepared and filed federal tax returns that contained unreasonable positions that resulted in understatements of her customers' tax liabilities due to: (a) false or overstated Schedule A deductions, including unreimbursed employee expenses; (b) false Schedule C businesses, business income, and business expenses and losses; and (c) false education credits that constituted conduct that was subject to penalty under § 6694(a).

78.    Cajuste knew or should have known the positions taken on her customers' returns as summarized in paragraph 77, above, were unreasonable, and thus her conduct has continually and repeatedly violated § 6694(a).

79.    By continually and repeatedly preparing returns as summarized in paragraph 77, Cajuste also willfully attempted to understate the tax liabilities of her customers, or, at the very least, recklessly or intentionally disregarded tax rules and regulations in violation of § 6694(b).

80.    By continually and repeatedly preparing returns as summarized in paragraph 77, Cajuste further failed to comply with the due diligence requirements imposed by the Secretary of the Treasury with respect to determining her customers' eligibility for, or the amount of, the Earned Income Tax Credit, thereby violating § 6695(g) and Treas. Reg. § 1.6695-2(b).

81.    Specifically, Cajuste failed to comply with due diligence requirements by, among other things, incorrectly basing the calculation of her customers' Earned Income Tax Credit on falsified income and deductions.  Treas. Reg. § 1.6695-2(b)(2)(ii).  Cajuste based her calculations on falsified income figures that were not provided to her by the customer.  Cajuste's calculations were not based on information provided by the customer, or otherwise reasonably obtained from the customer, and therefore did not comply with the due diligence requirements of Treas. Reg.§ 1.6695-2(b)(2)(ii).

82.    Even after she was assessed preparer penalties in 2011, Cajuste continues to prepare, facilitate, and/or assist in the preparation of other people's tax returns today by herself and through her businesses, including VIP Financial and VIP Firm, which are also both known as Empires VIP.

83.    Because Cajuste, VIP Financial, and VIP Firm are likely to continue preparing federal tax returns for customers that enable those customers to receive greater refunds than they

are legitimately entitled to receive, injunctive relief is necessary to prevent her continued misconduct and the loss of federal tax revenue.

84.     The assessment of return preparer penalties have proven to be insufficient to deter the misconduct of Cajuste.

85.     Penalties and other administrative measures are insufficient to deter the misconduct of VIP Financial, and VIP Firm.

86.     Accordingly, Cajuste, VIP Financial, and VIP Firm should be permanently enjoined under § 7407 from acting as an income tax preparer and/or assisting in the preparation of federal income tax returns because a more limited injunction would be insufficient to stop her and her businesses' interference with the proper administration of the tax laws.

### COUNT II: INJUNCTION UNDER 26 U.S.C. § 7408

87.     The United States incorporates by reference the allegations in paragraphs 1 through 86, above.

88.     Section 7408 authorizes a district court to enjoin any person from engaging in conduct subject to penalty under § 6701 if injunctive relief is appropriate to prevent recurrence of such conduct.

89.     Section 6701(a) penalizes any person who aids or assists in, procures, or advises with respect to the preparation or presentation of a federal tax return, refund claim, or other document knowing (or having reason to believe) that it will be used in connection with any material matter arising under the internal revenue laws and knowing that if it is so used it will result in an understatement of another person's tax liability.

90.     Cajuste, individually and through her businesses, including VIP Financial and VIP Firm, which are also both known as Empires VIP, prepared and filed the returns of her

customers, described above and summarized in paragraph 77, above, knowing and having reason to believe they would be used in connection with material matters arising under the internal revenue laws and knowing that if so used they would result in an understatement of the customers' tax liabilities.

91.     If the Court does not enjoin Cajuste, VIP Financial and VIP Firm, they are likely to continue to engage in penalty conduct under § 6701.

92.     Injunctive relief is therefore appropriate under 26 U.S.C. § 7408 to prevent the recurrence of the conduct complained above.

### COUNT III: INJUNCTION UNDER 26 U.S.C. § 7402(A)

93.     The United States incorporates by reference the allegations in paragraphs 1 through 91, above.

94.     Section 7402(a) authorizes a district court to issue orders of injunction as may be necessary or appropriate for the enforcement of the internal revenue laws.

95.     Cajuste, VIP Financial, and VIP Firm, through the actions described above, engaged in conduct that substantially interferes with the enforcement of the internal revenue laws.

96.     Unless enjoined, Cajuste, VIP Financial, and VIP Firm are likely to continue to engage in such improper conduct and interfere with the enforcement of the internal revenue laws.

97.     If Cajuste, VIP Financial, and VIP Firm are not enjoined acting as tax return preparers, the United States will suffer irreparable injury as a result of the understatement of her customers' federal tax liabilities, and through the wrongful issuance of federal income tax refunds to individuals not entitled to receive them.

98.     Unless and until they are enjoined, Cajuste, VIP Financial, and VIP Firm will likely continue to engage in conduct subject to penalty under 26 U.S.C. §§ 6694, 6695(g), and 6701, and the IRS will have to devote substantial time and resources to identify and locate their customers, and then examine their customers' tax returns and liabilities.

99.     Unless Cajuste, VIP Financial, and VIP Firm are enjoined, taxpayers may continue to engage them to prepare their returns, resulting in harm to customers from the assessments of additional taxes and penalties against them.

100.    The harm to the United States in the form of lost tax revenues and the harm to potential future customers outweighs the harm to Cajuste, VIP Financial, and VIP Firm if they are enjoined from operating as a tax return preparer.  Moreover, there is no adequate remedy at law, because an award of damages will not prevent Cajuste, VIP Financial, and VIP Firm from continuing to prepare false tax returns going forward.

101.    Enjoining Cajuste, VIP Financial, and VIP Firm is in the public interest because an injunction, backed by the Court's contempt powers if needed, will stop Cajuste's, VIP Financial's, and VIP Firm's illegal conduct and the harm it causes the United States of America and its citizens

102.    Injunctive relief under 26 U.S.C. § 7402(a) is necessary and appropriate for the enforcement of the internal revenue laws.

WHEREFORE, the United States prays for the following:

A.      That the Court find that Bertha Babey Cajuste, also known as Bertha Benoit, both individually and through any corporate form, including Empires VIP Financial, Inc., and Empires VIP Firm, Inc., which are also both known as Empires VIP, continually and repeatedly engaged in conduct subject to penalty under §§ 6694 and 6695, and continually and repeatedly

engaged in other deceptive conduct that substantially interferes with the administration of the internal revenue laws, and that a narrower injunction prohibiting only this specific misconduct would be insufficient;

B.     That the Court find that Cajuste, individually and through her businesses, including Empires VIP Financial, Inc. and Empires VIP Firm, Inc., which are also both known as Empires VIP, engaged in conduct subject to a penalty under § 6701, and that injunctive relief under § 7408 is appropriate to prevent a recurrence of that conduct;

C.     That the Court find that Cajuste, individually and through her businesses, including Empires VIP Financial, Inc. and Empires VIP Firm, Inc., which are also both known as Empires VIP, engaged in conduct that interferes with the enforcement of the internal revenue laws, and that injunctive relief is appropriate to prevent the recurrence of that conduct pursuant to the Court's inherent equity powers and § 7402(a);

D.     That the Court, pursuant to §§ 7402(a), 7407, and 7408, enter a permanent injunction prohibiting Cajuste, individually and through any corporate form, Empires VIP Financial, Inc.,  and Empires VIP Firm, Inc., which are also both known as Empires VIP, and all those in active concert or participation with them, from:

      i.     Acting as federal tax return preparer or requesting, assisting in, or directing the preparation or filing of federal tax returns, amended returns, or other related documents or forms for any person other than themselves;

      ii.    Advising, assisting, counseling, or instructing anyone about the preparation of a federal income tax return;

      iii.   Engaging in any other activity subject to penalty under §§ 6694, 6695, 6701, or any other penalty provision of the Internal Revenue Code;

iv.     Representing, or appearing on behalf of, any person before the Internal

Revenue Service; and

v.      Otherwise engaging in any conduct that substantially interferes with the

proper administration and enforcement of the internal revenue laws

E.      That the Court, pursuant to §§ 7402(a), 7407, and 7408, enter an order requiring

Cajuste, Empires VIP Financial, Inc., and Empires VIP Firm, Inc., which are also both known as

Empires VIP, to contact, at their own expense, within 30 days of this Court's order, by United

States mail and, if an e-mail address is known, by e-mail, all persons for whom they prepared or

assisted in preparing federal tax returns, to inform them of the permanent injunction entered

against them;

F.      That the Court, pursuant to § 7402(a), enter an order requiring Cajuste, Empires

VIP Financial, Inc., and Empires VIP Firm, Inc., which are also both known as Empires VIP, to

produce to counsel for the United States, within 30 days of this Court's order, a list that identifies

by name, Social Security number, address, e-mail address, telephone number, and tax period(s),

all persons for whom they prepared, or assisted in preparing, federal tax returns;

G.      That the Court retains jurisdiction over Cajuste, Empires VIP Financial, Inc., and

Empires VIP Firm, Inc., which are also both known as Empires VIP, and over this action to

enforce any permanent injunction entered;

H.      That the United States be entitled to conduct discovery to monitor the compliance

of Cajuste, Empires VIP Financial, Inc., and Empires VIP Firm, Inc., which are also both known

as Empires VIP,  with the terms of any permanent injunction entered against them; and

I.       That the Court grants the United States such other and further relief, including

costs, as is just and reasonable.

Date: February 5, 2018

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

/s/ Stephen S. Ho
STEPHEN S. HO (NY 5173083)
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044
Tel.: (202) 616-8994
Fax: (202) 514-6866
Stephen.S.Ho@usdoj.gov

## DESIGNATION UNDER LOCAL CIVIL RULE 101.1(f)

In accordance with Local Civil Rule 101.1(f), the undersigned hereby designates the

United States Attorney for the District of New Jersey to receive service of all notices or papers in

this action at the following address:

> Chief, Civil Division
> United States Attorney's Office
> District of New Jersey
> 970 Broad Street, Suite 700
> Newark, NJ 07102

Date: February 5, 2018

> /s/ Stephen S. Ho
> _____
> STEPHEN S. HO (NY 5173083)
> Trial Attorney, Tax Division
> U.S. Department of Justice
> Post Office Box 227
> Washington, D.C. 20044
> Tel.: (202) 616-8994
> Fax: (202) 514-6866
> Stephen.S.Ho@usdoj.gov

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

United States of America

**DEFENDANTS**

Bertha Babey Cajuste also known as Bertha Benoit; Empires VIP Financial, Inc. also known as Empires VIP; Empires VIP Firm, Inc. also known as Empires VIP

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Broward, Florida
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stephen S. Ho          stephen.s.ho@usdoj.gov
U.S. Department of Justice, Tax Division    202-616-8994
P.O. Box 227, Ben Franklin Station, Washington, DC 20044

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☒ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. §§ 7402(a), 7407, 7408

Brief description of cause:
Seeking injunction against tax preparer and businesses operating in or around Essex County, NJ

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
02/05/2018

SIGNATURE OF ATTORNEY OF RECORD
/s/ Stephen S. Ho

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.