RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

STEPHEN S. HO
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Telephone: 202-616-8994
*Counsel for the United States of America*

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BERTHA BABEY CAJUSTE also known as ) <br> BERTHA BENOIT; EMPIRES VIP ) <br> FINANCIAL, INC. also known as EMPIRES ) <br> VIP; and EMPIRES VIP FIRM, INC., also ) <br> known as EMPIRES VIP, ) <br> ) <br> Defendants. ) <br> _____) | Case No. 2:18-cv-01573-KM-SCM |

## ORDER AND JUDGMENT OF PERMANENT INJUNCTION
[DE 20]

Having considered the United States' motion for a default judgment, any opposition thereto, the entire record of this proceeding, and for good cause shown, the Court makes the following findings of fact and conclusions of law and enters this permanent injunction, pursuant to Federal Rules of Civil Procedure 55 and 65, and 26 U.S.C. § 7407.

### FINDINGS OF FACT

1.  Defendants Bertha Babey Cajuste ("Cajuste"), also known as Bertha Benoit; Empires VIP Financial, Inc. ("VIP Financial"), also known as Empires VIP; and Empires VIP

1

Firm, Inc. ("VIP Firm"), also known as Empires VIP, prepare federal income tax returns for customers located in and around East Orange, New Jersey.

2.  Cajuste, VIP Financial, and VIP Firm, are tax return preparers within the meaning of 26 U.S.C. § 7701(a)(36) because they prepare, and/or employ one or more persons to prepare, tax returns for others for compensation.

3.  Cajuste owns or operates VIP Financial and VIP Firm (collectively, "Empires VIP").

### Cajuste's Return Preparation Businesses

4.  The IRS estimates that Cajuste, individually and through her businesses, has prepared over 4,000 federal income tax returns for the 2011 through 2017 tax filing seasons.

### Cajuste's Wrongful Tax Preparation Practices

5.  Cajuste, individually and through her businesses (including VIP Financial and VIP Firm), continually and repeatedly prepared federal income tax returns which willfully understated her customers' federal income tax liabilities and claimed inflated tax refunds for them through a variety of schemes.

6.  More specifically, Cajuste, individually and through her businesses (including VIP Financial and VIP Firm), prepared false federal income tax returns for her customers that:

    a.  Claimed false or overstated Schedule A deductions, including unreimbursed employee business expenses;

    b.  Reported false Schedule C businesses and business losses; and

    c.  Claimed false education credits.

7.  Defendants continually and repeatedly engaged in conduct that violated 26 U.S.C. § 6695(g) by failing to exercise diligence in determining their customers' eligibility for, or

amounts of, tax credits such as the Earned Income Tax Credit and the American Opportunity Tax Credit.

## Continuing Nature of Misconduct

8. Cajuste and her businesses have prepared over 4,000 federal tax returns for the 2011 through 2017 processing years.

9. Empires VIP continued to prepare tax returns for the 2018 processing year.

10. The IRS examined 353 of the returns prepared by Cajuste from the 2012 through 2015 filing seasons, and determined that approximately 98% of them were adjusted by the IRS. The tax adjustment amount per return increased the tax liability of each taxpayer by an average of $3,725, for a total deficiency of about $1.3 million.

## Harm to the United States of America

11. Harms to the Government caused by Defendants include substantial loss of tax revenue, and the wasting of IRS and Department of Justice resources to investigate, correct, and collect taxes resulting from improper filings.

12. Additionally, Defendants' actions have caused considerable harm to the public perception of the efficacy and fairness of the federal tax system through their continued disregard for the law in their preparation of federal tax returns. Harm was also caused to the public by placing Cajuste's businesses in an advantageous position relative to those tax return preparers who accurately and honestly prepare returns. Of paramount concern is the harm caused to the clients of Cajuste, VIP Financial, and VIP Firm when they are forced to undergo an examination of their tax returns, and the assessment of additional taxes, penalties and statutory interest.

**Likelihood of Recurrence**

13. The harm to the United States will increase if defendants are not enjoined because they are likely to continue to prepare false federal tax returns for customers for the 2019 filing season and beyond.

14. Cajuste was investigated and penalized by the IRS for the 2009 tax year for failing to conduct due diligence inquiries into her customers' returns. These penalties did not deter Cajuste from continuing her wrongful tax preparation practices.

15. As a result of these previous penalties and Defendants' repeated and continued violations of 26 U.S.C. §§ 6694 and 6695(g), an injunction under § 7407 that only enjoins Defendants from engaging in specific conduct prohibited by 26 U.S.C. §§ 6694 and 6695 would not be sufficient to prevent Defendants' substantial interference with the proper administration and enforcement of the internal revenue laws.

## CONCLUSIONS OF LAW

16. Jurisdiction for this civil action for an injunction is proper under 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7407, 7408, and 7402(a).

17. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1).

**An Injunction is Appropriate under § 7407**

18. Under 26 U.S.C. § 7407, Congress has authorized the United States to seek an injunction against a tax return preparer who, among other things, have engaged in any conduct subject to penalty under 26 U.S.C. §§ 6694 and/or 6695.

19. Defendants have continually and repeatedly prepared and submitted federal income tax returns that contained unrealistic and frivolous positions, and willfully attempted to understate their customers' correct tax liabilities by, among other things, fabricating businesses

and business expenses reported on their customers' federal income tax returns. They have thus engaged in conduct subject to penalty under § 6694.

20. Defendants have continually and repeatedly failed to exercise diligence in determining their customers' eligibility for, or amounts of, certain tax credits such as the Earned Income Tax Credit and the American Opportunity Tax Credit, and thus have engaged in conduct subject to penalty under § 6695(g).

21. Under the foregoing facts and circumstances, the Court finds that under 26 U.S.C. § 7407(b)(2) injunctive relief is appropriate to prevent the recurrence of Defendants' conduct in violation of §§ 6694 and 6695.

22. The Court may enjoin a person from acting as a tax return preparer if that preparer's conduct is continual or repeated, and the Court finds that a narrower injunction (i.e., prohibiting specific enumerated conduct) would not be sufficient to prevent the preparer's interference with the proper administration of the internal revenue laws.

23. Any lesser form of an injunction, such as a limited injunction prohibiting Defendants from engaging in specific conduct subject to penalty under 26 U.S.C. §§ 6694 and 6695, would be insufficient to prevent Defendants' interference with the proper administration of the internal revenue laws. Penalties and administrative measures have been and continue to be insufficient to deter Defendants' conduct.

## PERMANENT INJUNCTION

Based on the foregoing findings of fact and conclusions of law, the Court enters the following injunction under 26 U.S.C. § 7407 against Bertha Babey Cajuste, also known as Bertha Benoit; and her businesses, Empires VIP Financial, Inc., also known as Empires VIP; and

Empires VIP Firm, Inc., also known as Empires VIP; and anyone acting in concert or active participation with them.

NOW, THEREFORE, it is accordingly ORDERED, ADJUDGED, AND DECREED that:

1. The Court has jurisdiction over this action and Defendants under 28 U.S.C. §§ 1340 and 1345, and under 26 U.S.C. §§ 7402, 7407, and 7408. *Motion (DE20) GRANTED*.

2. Bertha Babey Cajuste, also known as Bertha Benoit; and her businesses, Empires VIP Financial, Inc., also known as Empires VIP; and Empires VIP Firm, Inc., also known as Empires VIP; and anyone acting in concert or active participation with them are enjoined under 26 U.S.C. § 7407 from:

> a. Acting as federal tax return preparers or requesting, assisting in, or directing the preparation or filing of federal tax returns, amended returns, or other related documents or forms for any person other than themselves;
>
> b. Advising, assisting, counseling, or instructing anyone about the preparation of a federal income tax return;
>
> c. Engaging in any conduct or activity subject to penalty under 26 U.S.C. § 6694, including, but not limited to, understating the federal income tax liabilities of Defendants' customers;
>
> d. Engaging in any conduct or activity subject to penalty under 26 U.S.C. § 6695, including, but not limited to, failing to exercise due diligence in determining whether the customers for whom they prepared tax returns were eligible for tax credits such as the Earned Income Tax Credit and the American Opportunity Tax Credit;

e. Representing, or appearing on behalf of, any person before the Internal Revenue Service; and

f. Otherwise engaging in any conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

3. Bertha Babey Cajuste, also known as Bertha Benoit; and her businesses, Empires VIP Financial, Inc., also known as Empires VIP; and Empires VIP Firm, Inc., also known as Empires VIP, shall contact, within 30 days after the entry of this Order and Judgment of Permanent Injunction, by United States mail and, if an email address is known, by email, all persons for whom they prepared, or assisted in preparing, federal tax returns, to inform them of the injunction entered against them, to the extent that the identities and locations of such persons are within the possession, custody, or control of Bertha Cajuste, Empires VIP Financial, Inc., or Empires VIP Firm, Inc.

4. This Court shall retain jurisdiction over this civil action to enforce Defendants' compliance with the terms of this Order and Permanent Injunction.

5. The United States may provide actual notice to Defendants of the entry of this permanent injunction under Fed. R. Civ. P. 65 by mailing a true and correct copy thereof to Bertha Babey Cajuste, Empires VIP Financial, Inc., or Empires VIP Firm, Inc., by registered or certified mail, return receipt requested, and by filing a certificate of service that certifies the United States' compliance with this provision.

6. This Court authorizes the United States to take post-judgment discovery to ensure compliance with the Court's injunction; and

//

7. The Court retains jurisdiction over this civil action for the purpose of enforcing the terms of the permanent injunction entered against Defendants.

Entered this 21st day of October, 2019.

UNITED STATES DISTRICT JUDGE